652 So.2d 701 (1995)
Frank C. JORDAN
v.
CITY OF BATON ROUGE, et al.
No. 93 CA 2125.
Court of Appeal of Louisiana, First Circuit.
March 10, 1995.
*702 Richard P. Bullock, Bullock & Covington, Baton Rouge, for appellee, Frank C. Jordan.
David A. Hamilton, Baton Rouge, for appellant, Baton Rouge Mun. Fire and Police Civil Service Bd.
Robert J. Collins, Baton Rouge, for appellant, City of Baton Rouge.
Before GONZALES, FOGG and PARRO, JJ.
GONZALES, Judge.
This is an appeal from a judgment of the district court in favor of Frank C. Jordan (Jordan), reversing the decision of the Baton Rouge Municipal Fire and Police Civil Service Board (Civil Service Board), and ordering that Jordan be returned to active service with the Baton Rouge Police Department effective August 3, 1992, together with back pay and all other emoluments of office.

FACTS AND PROCEDURAL HISTORY
Jordan was formerly employed as a police officer with the Baton Rouge Police Department and had gained permanent status in the *703 classified city civil service. In May of 1987 he was placed on inactive status because of a service-related disability, stress-related asthma, by the Chief of Police (Chief), in his capacity as the appointing authority. At that time, Jordan began receiving retirement disability benefits. On August 3, 1992, Jordan sought to be returned to active status as a police officer, and submitted to the Civil Service Board and the Chief medical documentation from several physicians indicating that he was able to return to work. The Chief did not respond to Jordan's request, nor did the Chief place Jordan in the next available position of patrolman. Moreover, the Civil Service Board advised Jordan that he must first get clearance from the Board of Trustees of the Employees Retirement System of the City of Baton Rouge and the Parish of East Baton Rouge (Retirement Board) before the Civil Service Board could act on his request.
Jordan's attorney corresponded with the Civil Service Board members and the Chief indicating that the law and the medical evidence presented to them mandated that Jordan be returned to work. Again, no action was taken by the Chief, but the Civil Service Board finally granted Jordan a hearing on October 20, 1992. At that hearing, the Civil Service Board determined that it was without jurisdiction to hear Jordan's request and once more advised him to first proceed through the Retirement Board.
Jordan appealed the Civil Service Board's decision to the Nineteenth Judicial District Court, naming the City of Baton Rouge (City) and the Civil Service Board as defendants in his petition. On February 22, 1993, the district court reversed the Civil Service Board's determination that it lacked jurisdiction and ordered the Civil Service Board to make a decision concerning Jordan's ability to return to work.
Accordingly, on April 15, 1993, the Civil Service Board heard Jordan's case, at which time it received evidence regarding Jordan's ability to return to work.[1] However, the Civil Service Board recessed without making a decision, and the matter was reset for hearing on May 13, 1993. At the May 13, 1993 hearing, the Civil Service Board ordered the Chief to have Jordan submit to additional medical and psychological evaluations. Jordan appealed the Civil Service Board's order to the district court by supplementing his original petition in the previous appeal.[2]
On August 13, 1993, the district court heard Jordan's appeal. The district court found that the May 13, 1993 decision of the Civil Service Board was not made in good faith for cause and reversed the action of the Civil Service Board. The court ordered that Jordan be returned to active service with the Baton Rouge Police Department as a permanent classified employee in the same or an equivalent rank as held previously, effective August 3, 1992 (the date the Chief was first notified that Jordan was once more medically fit for duty), together with back pay and all other emoluments of office. The court also ordered defendants, the Civil Service Board and the City, to pay costs. From this judgment, the Civil Service Board appealed.[3] After its motion for new trial was denied, the City also appealed. Jordan answered the appeal and sought damages and costs for a frivolous appeal.

APPELLATE JURISDICTION AND SCOPE OF REVIEW
Judicial review of quasi-judicial administrative agency determinations is an exercise of appellate rather than original jurisdiction. *704 Matter of American Waste & Pollution Control, 588 So.2d 367, 370 (La.1991). Article V, § 16(B) of Louisiana's Constitution of 1974 grants district courts appellate jurisdiction "as provided by law." In accordance with this constitutional authorization, La.R.S. 33:2501(E) provides appellate jurisdiction to district courts in cases involving an appeal in municipal fire and police civil service board matters. In fact, the district court has the exclusive right to review a board's action on the initial appeal. La.R.S. 33:2501(E)(1). However, the scope of review under this appellate jurisdiction is limited and "shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part." La.R.S. 33:2501(E)(3).

FUNCTION AND AUTHORITY OF THE CIVIL SERVICE BOARD
Since the district court's scope of review is limited to a determination of whether the action by a board was made "in good faith for cause," it is necessary to examine the function and authority of a municipal fire and police civil service board in cases such as the one before us.
Hearings and determinations by administrative agencies are often quasi-judicial, for like courts, these bodies adjudicate important rights. Bowen v. Doyal, 259 La. 839, 253 So.2d 200, 203 (1971). In fulfilling its role as an impartial administrative tribunal, a civil service board shall afford both the employee and the appointing authority the opportunity to appear and present evidence to show that the action of the appointing authority was, or was not, taken in good faith for cause. La.R.S. 33:2501(B)(2). The appointing authority must prove its case by a preponderance of the evidence. Shields v. City of Shreveport, 579 So.2d 961, 964 (La. 1991). If the evidence is conclusive, the civil service board may affirm the action of the appointing authority. La.R.S. 33:2501(C)(1). However, if the civil service board finds that the action of the appointing authority was not taken in good faith for cause, the board is authorized to order the immediate reinstatement or re-employment of such employee. La.R.S. 33:2501(C)(1). Other than incidental discretionary action associated with the reinstatement or re-employment, the board is not granted any other authority. In essence, the primary function of a civil service board in an appeal by an employee is to determine if the appointing authority acted in good faith for cause, and it should not substitute its judgment for that of the appointing authority.

DISCUSSION
This case does not involve a wrongful discharge or disciplinary action of an employee. Simply stated, this case involves Jordan's application for re-employment in the classified service as an active-duty police officer. At the time he submitted the application, Jordan seemingly complied with the requirements of law by furnishing a favorable medical certificate to the Chief and the Civil Service Board after recent examinations by practicing physicians regarding his physical fitness to perform the duties of the position. When the Chief and the Civil Service Board failed to take any action on his application, Jordan ultimately filed an appeal with the district court. By judgment of February 22, 1993, the Civil Service Board was ordered by the district court to "make a decision as to whether or not Frank C. Jordan is able to return back to work with the police department." Pursuant to the court's directive, a hearing was held on April 15, 1993, and evidence was presented. The Civil Service Board recessed the matter without taking any action and another hearing was set for May 13, 1993. On this date, no additional medical evidence was presented, but the Civil Service Board ordered the Chief to have Jordan submit to further medical and psychological evaluations to assist in determining his eligibility to return to work.
In accordance with La.R.S. 33:2501(C)(1), the Civil Service Board is charged with determining the reasonableness of the action of the appointing authority, and in particular, if such action was made in good faith for cause. Since the Chief had the burden of proof at the hearing (and both Jordan and the Chief had the opportunity to present evidence), apparently the Civil Service Board decided that the Chief did not meet his burden of proof because it ordered the Chief to present *705 additional evidence. The district court concluded that the function of the Civil Service Board as an administrative tribunal was not to "step in and take over the Chief's position and start ordering Mr. Jordan to do things." The court decided that this action of the Civil Service Board was "just another stall tactic that has been going on since last [f]all." Therefore, the court rendered judgment finding that the decision of the Civil Service Board was not made in good faith for cause. The district court then ordered that Jordan be "returned to active service with the Baton Rouge Police Department as a permanent classified employee in the same or an equivalent rank as held previously therein, effective August 3, 1992, ... together with back pay and all other emoluments of office[.]"
Although we find no error in the district court's finding that the Civil Service Board's decision was not made in good faith for cause, we also find that the district court exceeded its authority in ordering that Jordan be returned to active service with the Baton Rouge Police Department.[4] The district court's appellate review in this case was "confined to the determination of whether the decision made by the [municipal fire and police civil service] board was made in good faith for cause under the provisions of [the Municipal Fire and Police Civil Service Law.]" La.R.S. 33:2501(E)(3). Walsworth v. Municipal Fire & Police Civil Service Board of City of Shreveport, 567 So.2d 712, 714 (La.App. 2d Cir.1990). Thus, even if the Civil Service Board's action of ordering the Chief to have Jordan submit to additional medical and psychological evaluations was not made in good faith for cause (as was found by the district court), this determination did not empower the district court to take the further step of ordering that Jordan be reinstated.
We have been unable to find any statutory or jurisprudential authority which allows a reviewing court, upon a finding that a decision by a civil service board was not made in good faith for cause, to impose its own substantive remedy (i.e., ordering Jordan's reinstatement), when the civil service board itself has made no determination on the merits of the employee's claim. The district court in this case found that the Civil Service Board's action was not in good faith for cause on a procedural issue. Although the Civil Service Board had yet to decide the issue of reinstatement, the district court took the extraordinary step of ordering reinstatement, the only substantive issue in the case. If there had been a decision by the Civil Service Board regarding Jordan's reinstatement, the district court then would have had the authority to reverse, modify, or affirm the decision of the Civil Service Board on appeal. However, no such decision was ever made by the Civil Service Board herein, and therefore, the district court had no authority to impose its own judgment regarding the merits of the case.[5]
Because the district court had no authority to order that Jordan be returned to active service, its judgment must be reversed on this issue.

FRIVOLOUS APPEAL
Jordan answered this appeal seeking damages pursuant to La.C.C.P. art. 2164 by alleging that defendants' appeals were frivolous in that they continued the delay of his return to employment. Article 2164 is penal in nature and must be strictly construed. Barnes v. L.M. Massey, Inc., 612 So.2d 120, 126 (La.App. 1st Cir.1992), writ denied, 614 So.2d 81 (La.1993). Our focus in answering the question of whether an appeal is frivolous is to be directed to the nature of the appeal itself rather than to the *706 actions of the appellant which gave rise to the lawsuit. Guy v. Madison Parish School Board, 579 So.2d 1108, 1113 (La.App. 2d Cir.1991). Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit, but raise legitimate issues, damages for frivolous appeal are not allowed. Barnes v. L.M. Massey, Inc., 612 So.2d at 126.
This court finds that the issues raised by the City and the Civil Service Board were genuine, and therefore, we refuse to assess damages pursuant to La.C.C.P. art. 2164.

DECREE
For the foregoing reasons, the judgment of the district court is AFFIRMED in part and SET ASIDE in part. Insofar as the judgment declares that the Civil Service Board's decision ordering that the Chief have Jordan submit to further evaluations was not made in good faith for cause, the judgment is AFFIRMED. Insofar as the judgment orders that Jordan be returned to active service with the Baton Rouge Police Department, the judgment is SET ASIDE. This case is REMANDED to the district court. The district court is instructed to order the Civil Service Board to carry out, within a specified time period, the district court's February 22, 1993 order to make a decision regarding Jordan's ability to return to work, or to show cause why the order cannot be carried out. We note that the district court has the power to issue a writ of mandamus to the Civil Service Board, enforceable through its contempt power. See Pearson v. Municipal Fire and Police Civil Service Board for City of Shreveport, 535 So.2d 515 (La.App. 2d Cir.1988), writ denied, 539 So.2d 634 (La. 1989).
The Civil Service Board and the City are assessed with the costs of this appeal, which amount to $451.61.
NOTES
[1] The authority of the Board to conduct this hearing pursuant to La.R.S. 33:2501 was not disputed by the parties.
[2] Ordinarily, an appeal can only be taken from a final judgment. La.C.C.P. art. 2083. However, under La.R.S. 33:2501(E)(1), an appeal can be taken from "any decision of the board," or from "any action taken by the board under the provisions the [Municipal Fire and Police Civil Service Law]."
[3] Louisiana Revised Statute 33:2501(E)(1) authorizes an appeal by the employee and the appointing authority to the district court to review the action of the Civil Service Board. Seemingly, the Board should not be a party to this proceeding. However, since the Civil Service Board was made a party and was cast in judgment, the issue of its standing is pretermitted.
[4] We note that neither of the appellants assigned as error the district court's act of reinstating Jordan. Normally, we would not consider an issue not assigned as error. However, we are now being called upon to review a judgment of the district court which it had no jurisdiction to make. Therefore, under La.C.C.P. art. 2164, this is a matter of enough significance to address without it having been assigned as error. See Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992).
[5] Under Article 5, § 10 of the Louisiana Constitution, courts of appeal have broad supervisory jurisdiction. However, even with such broad power, this court would not act on the merits of a claim not yet acted upon by the lower tribunal. See Uniform RulesCourts of Appeal, Rule 1-3.