PARRO, Judge.
This is an appeal from a judgment of the district court, upholding the termination of Michael F. Talley from his employment as a *710 fire inspector with the St. Tammany Fire Protection District No. 1 (“District”). For the following reasons, we reverse the district court judgment, vacate the decision of the St. Tammany Fire Protection District No. 1 Civil Service Board (“Board”), and remand to the Board for further proceedings.

Facts and Procedural History

By letter dated October 16, 1995, Michael F. Talley (“Talley”) was informed that the fire chief of the District was considering the possible recommendation of his termination for direct violation of sections 5.13 and 5.19 of the departmental rules and regulations. This letter disclosed that Talley had been counseled or warned for his failure to perform his work duties on at least six occasions. In light of his failure to perform his duties, the fire chief recommended to the District’s Board of Commissioners (“Commissioners”) that Talley’s employment be terminated. With regard to the fire chiefs recommendation, the Commissioners conducted a hearing at which Talley was given an opportunity to convince the Commissioners that termination was not warranted. At the conclusion of the hearing, the Commissioners unanimously accepted the fire chiefs recommendation that Talley’s employment be terminated. Talley had been employed by the District as a fire inspector for five years when he was dismissed from his employment effective November 2, 1995Í His termination was communicated to him by letter dated November 1,1995. He then appealed his termination to the Board.
After an evidentiary hearing, the Board found the Commissioners had acted in good faith for cause. The Board members felt that termination was too severe a disciplinary action, but they could not agree that the Commissioners did not have just cause for terminating Talley. Thus, the Board concluded the Commissioners’ decision should be upheld. Talley then filed a motion and order for appeal to the district court, contending the Board’s decision was not made in good faith for cause since he was terminated in an arbitrary or capricious manner and without just cause. Talley sought ^relief in the form of reinstatement to his former position with all the emoluments of office and attorney fees.
By stipulation of the parties, this matter was submitted to the district court on briefs. In reasons for judgment, the district court recognized that Talley’s appeal was confined to a determination of whether the Board’s decision was made in good faith for cause, citing LSA-R.S. 33:2561. After reviewing the transcript of the Board meeting, the district court concluded the record showed a history of violations and warnings that sufficiently supported the Board’s decision to uphold the termination. Further, the district court found that the decision of the Board was in good faith for cause. Subsequently, the district court entered judgment in favor of the Commissioners. This appeal followed.
Talley contends (1) the district court could not have visualized the history of warnings as it did not have the transcript before it, (2) the Board’s decision was not in good faith, (3) the Commissioners’ decision was not in good faith, and (4) the unit system could not support a good faith termination or provide a cause for termination when the party terminated was performing at the same or higher level than a co-employee of the same status who was not terminated.

Applicable Law

The grounds for corrective and disciplinary action against fire and police civil service employees for small municipalities, parishes and fire protection districts are established in LSA-R.S. 33:2560. LSA-R.S. 33:2560(A)(14) authorizes the appointing authority to remove any employee from service or take such disciplinary action as the circumstances warrant in the manner provided in LSA-R.S. 33:2560(B) for the willful violation of any rule or regulation adopted under its authority.[1]
*711 A regular employee in the classified service who feels that he has been discharged without just cause may demand in writing a hearing and investigation by the appropriate civil service board to determine the reasonableness of the action. LSA-R.S. 33:2561. The board must determine if the action taken against the employee was made in good faith for cause, as set forth in the provisions of “The Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts,” LSA-R.S. 33:2531 et seq. The employee and the appointing authority are to be afforded an opportunity to appear before the board and present evidence to show that the action was or was not taken in good faith for cause. LSA-R.S. 33:2561. Included in the board’s responsibility is the duty to decide independently from the facts presented whether the appointing authority (the Commissioners in this case) had good or lawful cause for taking disciplinary action and whether the punishment imposed was commensurate with the dereliction. Ruddock v. Jefferson Parish Fire Civil Service Board, 96-831 (La.App. 5th Cir. 1/28/97), 688 So.2d 112, 114. If the evidence is conclusive, the board may affirm the action of the appointing authority. LSA-R.S. 33:2561. If it finds that the action was not taken in good faith for cause, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of discharge. LSA-R.S. 33:2561. The board may modify the order of discharge by directing a suspension without pay for a given period. LSA-R.S. 33:2561.
The employee and the appointing authority may appeal from the decision of the board to the district court. See LSA-R.S. 33:2561. The district court shall proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of LSA-R.S. 33:2531 et seq. LSA-R.S. 33:2561.

IsDiscussion

On December 6, 1995, the Board conducted a hearing to determine the reasonableness of the Commissioners’ action against Talley. Three Board members were in attendance: Milton Kennedy (“Kennedy”), chairman, George Botsford (“Botsford”), and Martin Crosby (“Crosby”). Once the parties rested, Kennedy declared:
as a fire inspector and knowing a lot more of this case than that’s been presented today, I chaired the meeting, but I’m going to recuse myself from voting in it. I’ll participate in the discussion, maybe ask some questions. But I don’t feel it would be fair for me to vote — You know, I don’t know if I could be unbiased in my vote.
Following Kennedy’s recusal, there were only two remaining board members to make a decision in this case.[2]
LSA-R.S. 33:2536 provides for the creation of fire and police civil service boards for small municipalities, parishes and fire protection districts. Such boards shall be composed of five members. LSA-R.S. 33:2536(A). Two members of the board shall constitute a quorum. LSA-R.S. 33:2536(M), Thus, even without Kennedy, the presence of Botsford and Crosby was sufficient to constitute a quorum in this case.
At the conclusion of-the proceeding, the Board was responsible for determining whether the Commissioners’ termination of Talley was in good faith for cause. See *712 LSA-R.S. 33:2561. In making this determination, the Board was required to decide independently from the facts presented whether the Commissioners had good or lawful cause for taking disciplinary action against Talley and whether the punishment imposed (termination) was commensurate with the dereliction. See Ruddock, 688 So.2d at 114.
With only two voting Board members, both must concur with the conclusion reached in order for their determination to constitute the decision of the Board. See |6LSA-R.S. 33:2536(M). The record is clear that Bots-ford and Crosby voted that the Commissioners acted in good faith. With respect to the determination of whether the Commissioners had just cause to terminate and whether such punishment was commensurate with the dereliction, the Board members made the following comments. Botsford stated:
Well, I feel that the [Commissioners have] acted in good faith. Whether the cause is just is where I’m having my hang up. And the reason — The big thing that I have a concern about is that, rightly or wrongly, I have an impression that at least two of the commissioners were willing to demote the man rather than to fire him....
* * * * * *
I feel that the termination was too harsh and that the — We could exercise the option to return him as a firefighter....
Crosby stated:
... I felt the punishment was extremely harsh and I may have very well disagreed with that. But ... I find they acted in good faith for cause; they had a reason for doing it....
Essentially, Botsford voted to overturn the Commissioners’ decision to terminate, and Crosby voted to uphold it. In light of the split vote, the Board (apparently following the recommendation of counsel for the appointing authority) concluded the Commissioners’ actions should stand. In reaching this conclusion, the Board erred as a matter of law. Since the votes of the two Board members were not concurring as required by LSA-R.S. 33:2536(M), the Board essentially did not render a decision in this case. Absent such a decision, it was impossible for the district court to perform the review required by LSA-R.S. 33:2561. In the absence of a decision by the Board, this matter is remanded' to the Board for further proceedings.[3]

Decree

For the foregoing reasons, the judgment of the district court is REVERSED, the purported decision of the Board upholding Talley’s termination is VACATED, and the 17¡matter is REMANDED to the Board for further proceedings consistent with this opinion. The costs of this appeal are to be assessed upon completion of this matter.

. LSA-R.S. 33:2560(B) provides:
Unless the cause or condition justifies an employee being permanently removed from the service, disciplinary action may extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position for any lower class and to the rate of pay prevailing *711 therefor, or such other less drastic action that may be appropriate under the circumstances. Nothing contained herein shall prevent any employee who is physically unable to perform the duties of his position from exercising his rights of voluntary retirement under any applicable law.

. After his recusal, Kennedy continued to participate in the proceeding. When asked questions by the other board members, Kennedy tried to avoid giving an opinion regarding the Commissioners’ action. Nonetheless, he did make the following remarks:
And do I agree with the [Commissioners'] decision on terminating [Talley]? I’m not going to really answer that because I have mixed feelings on it.
* * * * * *
I agree, from the evidence that the Chief presented, they had evidence to discipline [Talley].

. This opinion is rendered without considering the appropriateness of Kennedy's continued participation in the proceeding once he recused himself.