KUHN, J.
 

 |2This matter is on remand from the Louisiana Supreme Court, which ordered this court to convert David J. Meiners’ appeal of the district court’s judgment to an application for supervisory writs.
 
 See Meiners v. St. Tammany Fire Protection District # 4 Bd. of Commissioners,
 
 10-0912 (La.6/25/10), 38 So.3d 359, citing
 
 Miazza v. City of Mandeville,
 
 10-0304 (La.5/21/10), 34 So.3d 849, wherein the supreme court found the district court had exercised appellate jurisdiction in reviewing a decision of the City of Mandeville’s Municipal Police Employees Civil Service Board pursuant to La. R.S. 33:2561(E) and concluded that this court lacked appellate jurisdiction.
 

 Thus, in this matter, the district court exercised appellate jurisdiction when it affirmed a ruling of the Civil Service Board of the St. Tammany Parish Fire Protection District No. 4 (“the Civil Service Board”) that upheld Meiners’ termination by the Board of Commissioners of the St. Tammany Parish Fire Protection District No. 4 (“the District’s Board of Commissioners”). As set forth in La. R.S. 33:2561(E), that appellate review was “confined to the determination of whether the decision made by the [Civil Service Board] was made in good faith for cause under the provisions of [the ‘Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts’].” In making that determination, the district court found that the Civil Service Board acted “in good faith” in upholding Meiners’ termination. The district court further reasoned, in pertinent part, as follows:
 

 “[T]here was a specific condition in [Meiners’] re-employment contract [with the District’s Board of Commissioners,] which provided that if [Meiners] did not obtain his [Emergency Medical Technician (‘EMT’) ] certification within six
 
 *1033
 
 months of his re-hire, he was to be automatically terminated_ It is undisputed that ... Meiners failed to obtain his EMT | ..¡certification during the time allowed [under the contract terms]. Accordingly, ... Meiners’ termination was for cause.”
 

 Meiners’ failure to comply with the EMT certification requirement established his unsuitability for continued employment as a probational fire equipment operator.
 
 See
 
 La. R.S. 33:2560(15). Thus, the record supports the district court’s finding that the Civil Service Board’s decision was made in good faith for cause; the district court’s findings are not clearly wrong or manifestly erroneous.
 
 See Voltolina v. St. Tammany Fire Dist. 12,
 
 06-1498, p. 4 (La.App. 1st Cir.9/19/07), 970 So.2d 1015, 1017. Accordingly, we find no basis for modifying the district court’s judgment, and we deny Meiners’ application for supervisory writs.
 

 WRIT DENIED.
 

 McDONALD, J., concurs and will assign reasons.