PARRO, J.
12Charles O’Malley appeals a district court judgment that reversed, on judicial review, the decision of the Baton Rouge Municipal Fire and Police Civil Service Board and reinstated the decision of the appointing authority, the Baton Rouge Police Department, to terminate him from the police force. After reviewing the facts and applicable law, we convert the appeal to an application for supervisory writs and deny the writ, thus maintaining the district court judgment.[1]
*775 FACTUAL AND PROCEDURAL BACKGROUND
O’Malley was an employee of the Baton Rouge Police Department (the Department) for eleven years, and held the rank of Corporal. After an internal administrative review and a pre-disciplinary hearing concerning O’Malley’s actions during the stop and arrest of a suspect in a high-crime area, Chief of Police Jeff LeDuff sent him a letter on June 11, 2008, advising him that his employment was being terminated, effective immediately. O’Mal-ley appealed the termination to the Baton Rouge Municipal Fire and Police Civil Service Board (the Board), pursuant to LSA-R.S. 38:2501.[2] On June 18, 2009, the Board conducted an evidentiary hearing at which eight witnesses, including O’Malley, testified, and numerous exhibits, including a videotape of the incident, were reviewed. Following this hearing, the Board voted four to one to modify the disciplinary action from a termination to a ninety-day suspension without pay.
The Department filed a petition for judicial review with the Nineteenth Judicial District Court (19th JDC), alleging that the Board’s decision was not made in good faith and for cause, in that it was contrary to the evidence produced at the hearing. It further stated that the evidence before the Board established that Chief LeDuff acted in good faith and for cause in terminating O’Malley’s employment. It sought reversal of | sthe Board’s decision and reinstatement of the Department’s decision to terminate. All of the evidence submitted to the Board was filed with the 19th JDC, along with a copy of the Board’s minutes, which summarized the testimony of the various witnesses before the Board, and an audio recording of the proceedings. After reviewing the evidence and hearing argument from the parties, the court took the matter under advisement. On December 17, 2009, the court rendered its judgment, reversing the Board’s decision and reinstating O’Malley’s termination. The judgment was signed on January 7, 2010, and O’Malley timely appealed the judgment to this court.
O’Malley contends that although the 19th JDC cited the appropriate standard of review, it actually substituted its opinion for that of the Board when deciding to overturn a decision of the Board that was made in good faith. He further argues that the Department did not carry its burden of proof in determining that he used excessive force, when his actions did not result in any injury to or complaint from the arrestee. Finally, he contends that since the Board did not make formal findings of fact as required by applicable law, the court should not have ruled on the Board’s decision, but should have remanded the matter to the Board with specific instructions.
APPLICABLE LAW
The grounds for which the appointing authority may remove or discipline a tenured employee are set out in LSA-R.S. 33:2500. The pertinent parts of that statute provide that the following constitute “cause” for termination or other disciplinary action:
A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. Howev *776 er, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner.
(2) The deliberate omission of any act that it was his duty to perform.
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
_k* * *
(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.
[[Image here]]
(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.
The imposition of disciplinary action against a police officer does not occur in “good faith” if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. “Arbitrary or capricious” means the lack of a rational basis for the action taken. The appointing authority must prove its case by a preponderance of the evidence. Shields v. City of Shreveport, 579 So.2d 961, 964 (La.1991).
A regular employee in the classified service who feels that he has been discharged without just cause may demand a hearing and investigation by the Board to determine the reasonableness of the action. LSA-R.S. 33:2501(A). The Board may, if the evidence is conclusive, affirm the action of the appointing authority. LSA-R.S. 33:2501(0(1); Landry v. Baton Rouge Police Dept., 08-2289 (La.App. 1st Cir.5/8/09), 17 So.3d 991, 994-95. If it finds that the action was not taken in good faith for cause, the Board shall order the immediate reinstatement or reemployment of such person. LSA-R.S. 33:2501(C)(1). However, absent the Board’s finding of bad faith on the part of the appointing authority, the Board is without authority to modify the appointing authority’s actions. The Board is not vested with the authority to modify or set aside the decision of an appointing authority merely because the Board disagrees with that decision or finds it too harsh. Baton Rouge Police Dept. v. Robinson, 09-1571 (La.App. 1st Cir.4/30/10), 38 So.3d 993, 995-96.
If the decision of the Board is prejudicial to the appointing authority, the appointing authority may appeal the decision to the court of original and unlimited jurisdiction in civil suits of the parish where the Board is domiciled. See LSA-R.S. 33:2501(E)(1). The district court’s review of the Board’s quasi-judicial administrative | ^determination is an exercise of appellate jurisdiction. Jordan v. City of Baton Rouge, 93-2125 (La.App. 1st Cir.3/10/95), 652 So.2d 701, 703. Review by the district court does not include a trial de novo. McCoy v. City of Shreveport, 42,662 (La.App. 2nd Cir.12/5/07), 972 So.2d 1178, 1182. The district court’s review is confined to the determination of whether the decision made by the Board was made in good faith for cause under the provisions of LSA-R.S. 33:2471-2508. LSA-R.S. 33:2501(E)(3). The district court may not substitute its opinion for that of the Board. The district court should accord deference to a civil service board’s factual conclusions and must not overturn them unless they are manifestly *777 erroneous. St. Tammany Parish Fire Protection Dist. No. 4 v. Picone, 10-0481 (La.App. 1st Cir.12/15/10), 53 So.3d 704, 706. Likewise, the intermediate appellate court’s review of a civil service board’s findings of fact are limited. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Moore v. Ware, 01-3341 (La.2/25/03), 839 So.2d 940, 946.
DISCUSSION
In oral reasons for judgment, the district court stated the following:
On October the 6th of 2009, the court remanded the matter back to the Board to provide written findings of fact as required by Revised Statute [33:2501(0(2)]. This court is of the opinion that the Board’s written reasons for judgment filed in the record of this matter, in response to the court’s order reflects more of a summation of the testimony and evidence that was presented at the appeal rather than the Board’s evaluation of that testimony and evidence. Nevertheless, the court takes the statement contained in those reasons that there is no indication that the Board did not believe the testimony of any witness as a finding by the Board that the testimony of every witness was truthful and accepted by the Board as fact. Taking this finding into account, a review of the record reveals that there is substantiated and competent evidence that supports the appointing authority’s grounds for the termination of Corporal O’Malley. The Chief testified that it was a totality of circumstances that led to his decision to terminate Corporal O’Malley. Chief LeDuff explained those circumstances to be his finding that Corporal O’Malley disregarded policy for use of force, truthfulness, and reporting requirements. The record in this matter establishes by a preponderance of the evidence that those circumstances existed. Even assuming that the Board found from the evidence that there was not a violation of the Department’s use of force policy as it related to Corporal O’Malley’s use of his taser gun, the evidence clearly establishes that Corporal O’Malley’s use of his flash light violated the Department’s force policy. The Corporal readily admitted this fact in his own testimony. His partner on the scene did as well. Even | ^assuming that the Board found that the force the Corporal applied on the suspect’s neck and throat area was as the Corporal described, poor technique rather than a choke hold, the Corporal’s own description of his maneuvers establishes his failure to perform his duties in a satisfactory manner. By Corporal O’Mal-ley’s own admission, he failed to disclose that his unit video camera was operating at the time of the incident. He even failed to engage his microphone.
* * *
Just as this court may not substitute its judgment for the judgment of the Board, the Board, likewise may not substitute its judgment for that of the appointing authority. A terse statement by a Board member that he believed Corporal O’Malley messed up, but doesn’t believe it was mean-spirited, standing alone, without any further deliberation by the Board, before the vote was taken, evidences the Board’s disregard and improper weighing of the evidence presented at the appeal hearing. The court concludes that the Board’s decision was not in good faith and for cause. [Its] decision to modify the discipline imposed by the appointing authority is, therefore, reversed and the termination of Corporal Charles O’Malley is reinstated.
*778 This court has reviewed the record of the proceedings before the Board and we conclude that the evidence supports the decision of the 19th JDC to reinstate the termination decision of the Department. The Board agreed that the Department had good cause for taking disciplinary action, and O’Malley even admitted that Chief LeDuff was justified in imposing discipline under the circumstances. Moreover, the Board made no finding of bad faith on the part of the appointing authority; therefore, it was without authority to modify the Department’s actions. See LSA-R.S. 38:2501(C)(1). It is obvious from the Board’s very brief comments at the conclusion of the hearing, which the district court mentioned, as well as the Board’s written reasons, that it simply disagreed with the Department’s decision and found it was too harsh. Those written reasons state:
After hearing the evidence in this matter, the Board determined that the employee should be disciplined. However, the Board decided the discipline given by the Chief was too harsh under the circumstances.
Clearly, the Board merely substituted its judgment for that of the appointing authority, without the necessary findings. Therefore, we find that the district court used the correct standard of review and, although the Board was apparently acting in good faith, the court did not err in concluding that the Board’s decision was not made for cause. We further find the district court did not err in reinstating the Department’s decision to 17terminate O’Malley’s employment.
With regard to O’Malley’s argument that the Department did not carry its burden of proof that he used excessive force under the circumstances, we note that this was not the sole reason for the Department’s decision. Other factors mentioned by Chief LeDuff included his failure to accurately report the incident, including the number of times his taser was deployed; the failure to report that the incident was recorded by his in-car video camera; numerous inconsistencies in the written report he made following the incident and the later report he made after reviewing the videotape of the encounter; and his failure to follow departmental policies concerning the correct procedures to use in overcoming the resistance of a suspect. Therefore, we find no merit in this assignment of error.
Finally, although O’Malley suggests that the district court erred in failing to remand the matter to the Board with specific instructions concerning written findings of fact, the record shows that the court did remand the case for such findings. After receiving them, the district court had no obligation to remand the matter again for findings of fact that might be more explicit or articulate concerning the Board’s findings.
CONCLUSION
For the above reasons, we deny the writ, thereby maintaining the judgment of the 19th MC, which reversed the Board’s decision and reinstated the Department’s termination of O’Malley’s employment. All costs of this writ application are assessed against Charles O’Malley.
WRIT DENIED.

. In Miazza v. City of Mandevilie, 10-0304 (La.5/21/10), 34 So.3d 849, the supreme court stated that when, as in this case, the legislature has vested appellate jurisdiction in the *775 district court, the court of appeal lacks appellate jurisdiction, and should convert the appeal to an application for supervisory writs.

. We note that, in light of the recent official federal census results, cases such as this one from Baton Rouge may no longer fall within the ambit of LSA-R.S. 33:2471-2508. See LSA-R.S. 33:2471.