HIGGINBOTHAM, J.
|2Plaintiff, Collette Dwyer, appeals a district court judgment that upheld the abol-ishment of her classified position of firefighter/operator by defendant, the West Feliciana Fire Protection District No. 1 (“the FPD”). After reviewing the facts and applicable law, we convert the appeal to an application for supervisory - writs, grant the request for supervisory review of the merits, and affirm the district court’s judgment.[1]
BACKGROUND
The FPD hired Collette Dwyer as a full-time employee in September 1999, to perform administrative duties in an entry-level classified position of secretary to the fire chief. In May 2000, Dwyer changed to another entry-level classified position with the FPD, when she became a firefighter/operator. She remained in that position, performing both administrative duties (but not data-entry duties, which were performed by a non-classified employee) and firefighter/operator duties until January 11, 2010. Dwyer was the only classified firefighter/operator employed by the FPD on January 11, 2010.
At a regularly-scheduled meeting on that same date, the Board of Commissioners of the FPD (“the FPD Board”) unanimously voted to allow the meeting agenda to be amended in order to consider the recommendation of the personnel committee of the FPD Board. The FPD Board then voted to follow the recommendation to reorganize the FPD’s structure for economic reasons and in consideration of volunteer manpower shortages.[2] The reorganization of the FPD resulted in the elimination of the classified firefighter/operator position, as well as | oseveral unclassified volunteer and contract positions. On January 12, 2010, Dwyer was notified in writing that she was being laid off as a result of the abolishment of the classified *1231 firefighter/operator position and that the only remaining classified positions at the FPD were fire chief and data processor. Consequently, Dwyer was placed on a reemployment list for four years in accordance with La. R.S. §3:2551.
Dwyer timely filed an appeal of the FPD Board’s action with the three-member Civil Service Board for the FPD (“the CS Board”). Because Dwyer was a member of the CS Board, it was necessary that she be recused from participating as a board member in her appeal to the CS Board. In her appeal, Dwyer alleged that because of her seniority with the FPD and her previous performance of administrative duties while she was a firefighter/operator, she was entitled to be reassigned to the next lowest classified position as a data processor at the FPD.
The CS Board held a public hearing on February 11, 2010, with the two remaining members.[3] The attorneys for Dwyer and the FPD submitted the case for decision by the CS Board based on stipulations that were read into the record. In a decision rendered on March 19, 2010, one CS Board member voted to reinstate Dwyer to her firefighter/operator position in light of Dwyer’s mistaken reliance on the FPD Board’s invalid characterization of the data processor position as classified and the fact that the posted agenda for the FPD Board’s regularly-scheduled meeting did not reference the abolishment of the firefighter/operator position. The other CS Board member voted to deny Dwyer’s appeal, concluding that the only issue before the CS Board was whether Dwyer was legally entitled to the unclassified data processor position, and further determining that Dwyer was only entitled to placement on the re-employment list, since there was no other classified position in the respective class of firefighter/operator that she could be legally transferred into that shared the same essential duties and responsibilities as |4the firefighter/operator position.[4] Because there was no concurrence between the two voting CS Board members, the action of the FPD Board in abolishing Dwyer’s classified position was deemed affirmed by the CS Board in accordance with La. R.S. 33:2561(D).[5]
*1232 After the CS Board rendered its decision, effectively affirming the FPD Board’s action, Dwyer gave notice that she intended to appeal the CS Board’s decision to the district court. She timely filed a petition for judicial review, arguing that the FPD Board failed to comply with the provisions of the Open Meetings Law and civil service laws when her classified position was abolished and she was laid off from her position. After reviewing the record and hearing the arguments of counsel, the district court affirmed the decision of the CS Board on February 25, 2011. In oral reasons for judgment, the district court concluded that the CS Bd. acted in good faith and for cause when, for purely economic reasons, the classified position of firefighter/operator was abolished according to the personnel committee’s restructuring proposal. The district court further found that |ñDwyer was laid off from work at the FPD, since there was no other classified position in her class to which she could be transferred. Dwyer timely appealed to this court, raising one assignment of error, contending that the district court legally erred in failing to conclude that Dwyer should be placed in the next lower classified position of data entry processor with the FPD.[6]
ANALYSIS
As a classified civil service employee who felt her discharge was not for just cause, Dwyer had the right to demand a hearing and investigation by the CS Board to determine the reasonableness of the FPD Board’s action in abolishing her classified position and not placing her in *1233 the next lower classified position of data entry processor with the FPD. See La. R.S. 33:2561(A). After the split decision of the CS Board that resulted in an affirmation of the action of the FPD Board, Dwyer appealed to the district court for a determination of whether the CS Board’s decision was made in “good faith for cause” under the provisions of La. R.S. 33:2531-2569. The sole issue before the district court was whether the CS Board acted in good faith and for cause. See La. R.S. 33:2561(E). Good faith does not exist if the appointing authority (the FPD Board in this case) acted arbitrarily or |6capriciously, or as the result of prejudice or political expediency. See Moore v. Ware, 2001-3341 (La.2/25/03), 839 So.2d 940, 945-946. Arbitrary or capricious means the lack of a rational basis for the action taken. Id., 839 So.2d at 946; Landry v. Baton Rouge Police Dept., 2008-2289 (La.App. 1st Cir.5/8/09), 17 So.3d 991, 995.
The district court’s review of the CS Board’s quasi-judicial administrative determination is an exercise of appellate jurisdiction. Baton Rouge Police Dept. v. O’Malley, 2010-1386 (La.App. 1st Cir.3/25/11), 64 So.3d 773, 776. The district court may not substitute its opinion for that of the CS Board, but should accord deference to the CS Board’s factual conclusions, and must not overturn them unless they are manifestly erroneous. Id., 64 So.3d at 776-777. The district court has a limited review of the CS Board’s findings of fact. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Id.
The district court in this case reviewed the record and considered the arguments of counsel before rendering judgment affirming the CS Board’s action. The district court gave the following oral reasons:
[Dwyer] was the only employee in the [firefighter/operator] classification. When her position was abolished, the applicable statutes required that she be transferred to another position in that class. As noted, there is no other position in that class to which [Dwyer] could be transferred and there is, or was[,] no lower class. The action of the [FPD Board] was made for purely economic reasons in good faith and for cause. The action of the [CS Board] is hereby affirmed. (Emphasis added.)
This court has carefully reviewed the record of the proceedings before the CS Board, and we find no evidence that the CS Board acted in bad faith in upholding the FPD Board’s action of abolishing Dwyer’s classified firefighter/operator position. The split decision of the CS Board, resulting in an affirmation of the FPD Board’s action, is clearly supported in the record and by the statutory law. A rational basis exists for the factual findings, and we find no |7manifest error or abuse of discretion in the district court’s decision to uphold the effective ruling of the CS Board. Moreover, because the CS Board made no finding of bad faith on the part of the FPD Board, it was without authority to modify the FPD Board’s actions. See La. R.S. 33:2561.
The record shows that Dwyer’s classified firefighter/operator position was abolished in good faith and for economic reasons. Additionally, the record reveals that there was no other classified position within Dwyer’s class to which she could be demoted or transferred. The data processor position that Dwyer desires to be placed in is not a classified civil service *1234 position at this time. Thus, the law required that Dwyer be laid off and placed on a re-employment list in accordance with La. R.S. 33:2548, La. R.S. 33:2558, and La. R.S. 33:2559. See also La. R.S. 33:2550(0; La. R.S. 33:2551(2) and (3). Therefore, we find the district court used the correct standard of review, and we find no clear basis for modifying the district court’s judgment. See Meiners v. St. Tammany Fire Protection District #4 Bd. of Com’rs, 2009-0435 (La.App. 1st Cir.9/10/10), 47 So.3d 1031, 1033, writ denied, 2010-2290 (La.12/10/10), 51 So.3d 728.
CONCLUSION
For the above reasons, we convert Col-lette Dwyer’s appeal to an application for supervisory writs, grant the request for supervisory review of the merits, and affirm the district court’s judgment, thereby upholding the abolishment of the classified firefighter/operator position with the West Feliciana Fire Protection District No. 1. All costs of this supervisory writ application are assessed against plaintiff/appellant, Collette Dwyer.
APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; AND DISTRICT COURT JUDGMENT AFFIRMED.

. In Miazza v. City of Mandeville, 2010-0304 (La.5/21/10), 34 So.3d 849 (per curiam), the supreme court stated that when the legislature has vested appellate jurisdiction in the district court, as in this case, pursuant to La. R.S. 33:2561(E), the court of appeal lacks appellate jurisdiction. However, a court of appeal may exercise supervisory jurisdiction over all matters arising within its jurisdiction. La. Const, art. V, § 10(A).

. The record reflects that the total financial impact of the reorganization approximated $112,000.00 annual savings for the FPD.

. Louisiana Revised Statute 33:2536(M) provides in pertinent part: "[t]wo members of a three-member board ... shall constitute a quorum, and the concurring votes of a simple majority of members shall be sufficient for the decision of all matters to be decided or transacted by it.”

. In regard to abolition of positions in the classified service, La. R.S. 33:2558 provides as follows:
Whenever the appointing authority abolishes a position in the classified service and there is no position vacant in the respective class to which the regular employee of the abolished position may be transferred, the employee shall be transferred to any position of the same class which may be held by a provisional employee. If there is no such position, he shall be transferred to another position in the respective class, and the holder of that position thereupon shall be demoted in the order provided by [La.] R.S. 33:2548. (Emphasis added.)
Further, the term "class” as used in the pertinent civil service statutes does not mean the same as "position”; each class may contain one or more positions, and the appointing authority may abolish a position within a class without the formality of a civil service board hearing. See Odom v. City of Minden, 300 So.2d 462, 463 (La.1974). But if an entire class is abolished, action of the appropriate civil service board is required, as well as compliance with due process. See City of Shreveport v. Plaisance, 559 So.2d 944, 945 (La.App. 2d Cir.), writ denied, 564 So.2d 324 (La.1990). See also La. R.S. 33:2533(5) (definition of "class”); La. R.S. 33:2533(13) (definition of "position”); and La. R.S. 33:2548 (regarding “demotions”).

.Louisiana Revised Statute 33:2561(D), as amended and reenacted by 1999 La. Acts, No. 457, § 1, provides, in pertinent part: "If such *1232 recusal by a member of the board results in the inability of the board to make a finding of fact or to reach a decision by the concurring votes as provided by [La.] R.S. 33:2536(M), the board shall be considered to have affirmed the action of the appointing authority.” (Emphasis added.) The appointing authority in this case is the FPD Board. We distinguish our prior decision, Talley v. St. Tammany Fire Protection District No. 1, 970569 (La.App. 1st Cir.5/15/98), 713 So.2d 709, 712, which was decided under the former version of La. R.S. 33:2561.

. Dwyer argues in the alternative that the FPD Board failed to comply with the notice provisions of the Open Meetings Law found in former La. R.S. 42:4.1 through 42:9 (redesig-nated as La. R.S. 42:11 to 42:24 by 2010 La. Acts, No. 861, § 23), when the FPD Board effectively abolished the classified position of firefighter/operator without prior notice; therefore, the FPD Board's action should be voided and her position should be reinstated. Although Dwyer did not properly assert this issue in an assignment of error and the district court did not mention this issue in its oral reasons for judgment or in the actual written judgment, both parties discussed the issue in their memoranda filed in the district court and in their briefs filed in this court. Thus, we have considered the argument, but find that Dwyer's claim was barred by the sixty-day limitation period of the Open Meetings Law, since Dwyer did not timely assert that claim in her appeal to the CS Board or the district court. See Greemon v. City of Bossier City, 2010-2828 (La.7/1/11), 65 So.3d 1263, 1272.
Further, even if we assume that the claim was asserted timely, the record reflects that the agenda of the regularly-scheduled January 11, 2010 meeting of the FPD Board was posted in accordance with the Louisiana Open Meetings Law. At the beginning of the meeting, the FPD Board unanimously voted to amend the agenda, in accordance with La. R.S. 42:17 and 42:19, to include the personnel committee's recommendations regarding restructuring of the FPD. The amendment did not involve a disciplinary or discharge discussion, in an executive session or otherwise, concerning Dwyer’s job, her performance, abilities, or character. The restructure proposal for the FPD was addressed by the FPD Board as a purely economic issue that would result in substantial annual savings to the FPD and would necessarily include the abolishment of the classified firefighter/operator position along with several unclassified volunteer and contract positions.