WHIPPLE, J.
 

 |2This is an appeal by plaintiff from a judgment of the district court, affirming the decision of the Municipal Fire and Police Civil Service Board, which had upheld a one-day suspension of plaintiff. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 12, 2007, plaintiff, Officer Carroll John Landry, III, a classified employee serving with permanent status as an officer with the Baton Rouge Police Department, brought his police vehicle to the city lot for repairs. When Officer Landry left the vehicle at the city lot, he inadvertently left his Department-issued shotgun, Department-issued laptop computer, and a bag containing ammunition in the trunk of the vehicle. When city lot employees discovered and reported the weapon and other items, an investigation was conducted. During the investigation, Officer Landry acknowledged to Chief Jeff LeDuff that he had inadvertently left his shotgun in the trunk of his unit when he dropped the unit off at the city lot for repairs.
 
 [1]
 

 Thereafter, by letter dated June 5, 2007, Chief LeDuff advised Officer Landry that he was considering taking official disciplinary action against Officer Landry for the violation of the Department’s Policies and Procedures Manual Disciplinary Code, Section XII, and General Order Nos. 132 and 138, governing the carrying and storage of weapons and the removal of personal equipment from vehicles delivered to the city lot for repairs. In the | gletter, Officer Landry was further notified of the time and date of his pre-disciplinary hearing.
 

 After the pre-disciplinary hearing, Chief LeDuff informed Officer Landry, by letter dated June 12, 2007, that he was imposing discipline in the form of a one-day suspension due to Officer Landry’s violation of Departmental policies and procedures. Officer Landiy appealed the disciplinary action to the Municipal Fire and Police Civil Service Board (“the Board”).
 

 At the hearing before the Board, Officer Landry again acknowledged that he had violated Departmental policy and procedure by leaving his weapon and laptop in his unit, but asked the Chief to consider the totality of the circumstances in determining whether to take disciplinary action. Additionally, counsel for Officer
 
 *994
 
 Landry raised a procedural objection at the hearing, noting that LSA-R.S. 40:2531, regarding police officers under investigation, required that an internal administrative investigation of a police officer was to be completed within sixty days, a provision which was violated in the instant case. Thus, counsel for Officer Landry asked the Board to find that the Chief was not acting in good faith and to either dismiss the suspension or, at a minimum, reduce the suspension to a letter of reprimand or caution. At the close of the hearing, the Board voted to uphold the Chiefs decision.
 

 Officer Landry then appealed the Board’s decision to the district court, noting that the 2007 amendments to LSA-R.S. 40:2531 in part added subsection (C), providing that any discipline taken against a police officer without compliance with the minimum standards set forth in LSA-R.S. 40:2531 is an absolute nullity. Prior to the 2007 amendments, the statute required that an investigation be completed in sixty days, but provided no |4penalty for failure to comply. Officer Landry argued that the amendments to LSA-R.S. 40:2531 should be given retroactive effect and should apply to the instant case. Thus, Officer Landry averred, because the investigation leading to his one-day suspension was not completed within sixty days as required by LSA-R.S. 40:2531(B)(7), the disciplinary action taken against him should be declared an absolute nullity.
 

 After hearing the matter, the district court concluded that the amendments in question, which provided a remedy where none existed before, were substantive in nature and, thus, could be applied prospectively only. Thus, the district court affirmed the decision of the Board upholding the suspension of Officer Landry. From this judgment, Officer Landry appeals, contending that the Board and the district court committed legal error in concluding that the amendment to LSA-R.S. 40:2531 does not have retroactive effect.
 

 BURDEN OF PROOF AND STANDARD OF REVIEW
 

 Matters involving classified employees of municipal fire and police departments are governed by the Municipal Fire and Police Civil Service Law, LSA-R.S. 33:2471,
 
 et seq.,
 
 and by LSA-Const.1921, Art. XIV, § 15.1.
 
 [2]
 

 See
 
 LSA-R.S. 33:2591 and LSA-Const.1974, Art. X, § 18. Any regular employee in the classified service who feels that he has been |fidischarged or subjected to any corrective or disciplinary action without just cause may demand a hearing and an investigation by the Board to determine the reasonableness of the action. LSA-R.S. 33:2501(A).
 

 The Board may, if the evidence is conclusive, affirm the action of the appointing authority. If it finds that the action was not taken in good faith for cause, the
 
 *995
 
 Board shall order the immediate reinstatement or reemployment of such person. LSA-R.S. 33:2501(C).
 

 The employee may appeal any decision of the Board that is prejudicial to him. LSA-R.S. 33:2501(E)(1). The district court shall hear the matter in a summary manner, and its review of the Board’s action is limited to a finding of whether the Board’s decision was made “in good faith for cause.” LSA-R.S. 33:2501(E)(2) & (3);
 
 Moore v. Ware,
 
 2001-3341 (La.2/25/03), 839 So.2d 940, 945.
 

 If based on good faith and statutory cause, a decision of the Board cannot be disturbed on judicial review. Good faith does not occur if the appointing authority acted arbitrarily or capriciously or as a result of prejudice or political expediency.
 
 Moore,
 
 839 So.2d at 945. Arbitrary or capricious means the lack of rational basis for the action taken. The district and appellate courts should accord deference to a civil service board’s factual conclusions and must not overturn them unless they are manifestly erroneous.
 
 Moore,
 
 839 So.2d at 946.
 

 DISCUSSION
 

 As stated above, the only issue raised by Officer Landry herein is whether the 2007 amendments to LSA-R.S. 40:2531 apply retroactively to nullify the disciplinary action taken against him, where the investigation into the incident was not completed within sixty days.
 

 | ^Louisiana Revised Statute 40:2531 sets forth the minimum standards that shall apply to the investigations of law enforcement officers. Pursuant to LSA-R.S. 40:2531 (B)(7), the investigation of a law enforcement officer shall be completed within sixty days.
 
 [3]
 
 However, prior to the 2007 amendments to LSA-R.S. 40:2531, the statute contained no penalty provision for non-compliance with the sixty-day rule.
 
 [4]
 

 In
 
 Marks v. New Orleans Police Department,
 
 2006-0575 (La.11/29/06), 943 So.2d 1028, 1032-1036, the Louisiana Supreme Court considered the issue of whether, under the pre-amendment version of LSA-R.S. 40:2531, the failure to comply with the statutory “minimum standards,” by failure to complete the investigation within sixty days, required sum
 
 *996
 
 mary dismissal of the charges against an officer. Noting that the statute contained no penalty provision for non-compliance, the Supreme Court held that the failure to comply with the sixty-day time period did not require summary dismissal of a disciplinary action. Rather, the Court concluded that failure to |7comply with the sixty-day time period may impact whether discipline should be imposed or the type of discipline imposed if prejudice to the officer was demonstrated due to the delay.
 
 Marks,
 
 943 So.2d at 1036-1037.
 

 The following year, the Legislature amended LSA-R.S. 40:2531 by Acts 2007, Nos. 91 and 258. In Acts 2007, No. 91, the Legislature amended subsection (B)(7) of LSA-R.S. 40:2531 to add language providing that the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date that a formal and written complaint is made against a law enforcement officer. Act No. 91 also added the following language to subsection (B)(7): “The investigation shall be considered complete upon notice to the law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint.” Additionally, by Acts 2007, No. 258, the Legislature added subsection (C) to LSA-R.S. 40:2531, providing as follows:
 

 C. There shall be no discipline, demotion, dismissal or adverse action of any sort taken against a law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.
 

 (Emphasis added). The effective date of these amendments was August 15, 2007.
 

 Officer Landry asserts that the amendments did not place any new obligations upon the Baton Rouge Police Department, but, rather, merely identified when the investigation was deemed completed and described the remedy available to a law enforcement officer in the event the police department failed to meet the obligations already imposed by LSA-R.S. 40:2531. Thus, he contends that these amendments should be applied |sretroactiveIy, thereby nullifying the discipline taken against him, because they are procedural or remedial in nature. Because Acts 2007, No. 258 was the amendment that provided for a penalty for non-compliance with the sixty-investigation period, we will focus our analysis on whether Act 258 can be applied retroactively.
 

 The legislature is free, within constitutional confines,
 
 [5]
 
 to give its enactments retroactive effect. Louisiana Revised Statute 1:2 provides that “[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated.” However, LSA-R.S. 1:2 has been construed as co-extensive with LSA-C.C. art. 6.
 
 St. Paul Fire & Marine Insurance Company v. Smith,
 
 609 So.2d 809, 816 (La.1992). Article 6 codifies the general rule against retroactive application of legislative enactments and the exceptions jurisprudentially grafted one, providing as follows:
 

 
 *997
 
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
 

 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 816.
 

 In determining whether a newly enacted provision is to be applied prospectively only, or may also be retroactive, LSA-C.C. art. 6 requires a two-fold inquiry. First, the court must determine whether the amendment to the statute expresses legislative intent regarding retroactive or prospective application.
 
 Keith v. U.S. Fidelity & Guaranty Company,
 
 96-2075 (La.5/9/97), 694 So.2d 180, 183. Second, if no such intent is expressed, the |3enactment must be classified as substantive, procedural, or interpretive.
 
 Keith,
 
 694 So.2d at 183.
 

 Furthermore, even where the legislature has expressed its intent to give a law retroactive effect, the law may not be applied retroactively if doing so would impair contractual obligations or disturb vested rights. If it does so, then in spite of legislative pronouncements to the contrary, the law is substantive rather than procedural or interpretive.
 
 State Farm Mutual Automobile Insurance Company v. Noyes,
 
 2002-1876 (La.App. 1st Cir.2/23/04), 872 So.2d 1133, 1138.
 

 In the instant case, Act 258 does not expressly provide for retroactive application, nor has the legislature expressly declared the Act to be interpretive or provided for an effective date that would be indicative of retroactive application of the amendments. Therefore, this court must classify the enactment as substantive, procedural, or interpretive.
 
 [6]
 

 See Noyes,
 
 872 So.2d at 1138.
 

 Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws.
 
 Keith,
 
 694 So.2d at 183. Substantive laws either establish new rules, rights, and duties or change existing ones. Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its initial enactment. It is the original statute, not the interpretive one, that establishes the rights and duties.
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 817. When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retroactive effect because it does not change, but merely clarifies, pre-existing law.
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 817.
 

 As noted by the Supreme Court, the suggested distinction between interpretive legislation “clarifying,” and substantive legislation “amending” or “changing,” existing law is an obscure one. There is no bright line between substantive laws which change existing standards and interpretive laws which change existing standards by redefining and returning to their ostensible “original” meaning.
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 819.
 

 
 *998
 
 However, the statutory interpretation and the construction to be given to legislative acts is a matter of law and rests with the judicial branch.
 
 Bourgeois v. A.P. Green Industries, Inc.,
 
 2000-1528 (La.4/3/01), 783 So.2d 1251, 1260.
 
 Noyes,
 
 872 So.2d at 1139. In
 
 Noyes,
 
 this court has quoted with approval Justice Lemmon in his assignment of additional reasons to the majority opinion in
 
 Bourgeois,
 
 wherein Justice Lemmon stated as follows:
 

 True interpretive legislation occurs when the Legislature, upon realizing that a previously enacted law contains an ambiguity or an error, amends the prior law to correct the ambiguity or error
 
 before
 
 the law has been judicially interpreted. However,
 
 after
 
 the judicial branch performs its constitutional function of interpreting a law, and the Legislature disagrees with that interpretation, a
 
 new
 
 legislative enactment is a substantive change in the law and is not an interpretive law, because the original law as interpreted by the judicial branch, no longer applies.
 

 Bourgeois,
 
 783 So.2d at 1261 (Lemmon, J., assigning additional reasons);
 
 Noyes,
 
 872 So.2d at 1139.
 

 |nAs stated above, prior to the 2007 amendment at issue, LSA-R.S. 40:2531 did not contain a penalty provision for non-compliance with the sixty-day investigation rule. Noting that the statute contained no penalty provision for noncompliance, the Supreme Court, prior to the 2007 amendments, held that the failure to comply with the sixty-day time period did not require dismissal of a disciplinary action unless prejudice to the officer was demonstrated due to the delay.
 
 Marks,
 
 943 So.2d at 1036-1037.
 

 Contrary to Officer Landry’s assertions, LSA-R.S. 40:2531(C), as added by Acts 2007, No. 258, is not procedural because it did not merely prescribe a method for enforcing a previously existing substantive right. Instead, the right of an officer to have any discipline taken without complete compliance to the “minimum standards” set forth in LSA-R.S. 40:2531 declared an absolute nullity, and the penalty of nullity imposed against the department for its failure to comply, did not previously exist.
 

 Moreover, the effect of Acts 2007, No. 258, which provides that any discipline taken without complete compliance with the “minimum standards” (including the sixty-day rule) is an absolute nullity, is that the Supreme Court’s interpretation of LSA-R.S. 40:2531 in
 
 Marks
 
 no longer applies.
 
 See Bourgeois,
 
 783 So.2d at 1261 (Lem-mon, J., assigning additional reasons). Accordingly, we conclude that Act 258 was not interpretive.
 
 See Noyes,
 
 872 So.2d at 1139-1140.
 

 Until the 2007 amendment adding subsection (C) to LSA-R.S. 40:2531, an officer had no remedy of nullity for discipline taken without compliance to the minimum standards set forth in LSA-R.S. 40:2531, nor was the penalty of absolute nullity of the disciplinary action imposed against the department. Thus, the amendment was substantive in that it represents a distinct change in the rights and obligations of the parties. Pursuant to LSAjC.C.12 art. 6 and LSA-R.S. 1:2, such a substantive change in the law cannot be applied retroactively, and the Board and the district court were correct in declining to do so.
 

 CONCLUSION
 

 For the above and foregoing reasons, the June 10, 2008 judgment of the district court is affirmed. Costs of this appeal are assessed against plaintiff, Carroll John Landry, III.
 

 AFFIRMED.
 

 [1]
 

 . Officer Landry explained that at the time he brought his vehicle to the city lot for repairs, he was on medical leave for the birth of his first child. On the day in question, his wife followed him to the city lot with the baby, and while he was taking care of paperwork at the lot, the baby had an accident on herself, which also leaked in the truck. According to Officer Landry, in his haste to attend to his wife and baby, Officer Landry left his shotgun, computer and some personal magazines in the trunk of his unit.
 

 [2]
 

 . Louisiana Revised Statutes 33:2471-2508 are in the section entitled “Part II. Fire and Police Civil Service Law for Municipalities between 13,000 and 250,000.” Pursuant to LSA-R.S. 33:2591, Article XIV, § 15.1 of the 1921 Louisiana Constitution governs the classified civil service of the fire and police services in municipalities having a population between 250,000 and 500,000. Moreover, Article 10, § 18 of the 1974 Louisiana Constitution retained and continued in force the provisions of Article XIV, § 15.1 of the 1921 Constitution as statutes.
 
 See
 
 LSA-R.S. 33:2591, LSA-Const.1921, Art. XIV, § 15.1, and LSA-Const.1974, Art. X, § 18.
 

 Citing LSA-R.S. 33:2591, LSA-Const.1921, Art. XIV, § 15.1, and LSA-Const.1974, Art. X, § 18, this court has held that the provisions of LSA-R.S. 33:2471-2508 apply to municipalities having a population between 250,000 and 500,000 as well.
 
 McGehee v. City/Parish of East Baton Rouge,
 
 2000-1058 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 261 n. 6.
 

 [3]
 

 . Prior to amendment in 2007, LSA-R.S. 40:2531(B)(7) provided as follows:
 

 Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
 

 (7) Except as otherwise provided in this Paragraph, each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the officer who is under investigation. The officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal department has shown good cause for tire granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this paragraph shall be construed to prohibit the law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.
 

 [4]
 

 . The statute, prior to the 2007 amendments, also did not specifically set forth when the investigation was deemed complete.
 

 [5]
 

 . Louisiana Constitution Article I, section 23 prohibits
 
 ex post facto
 
 laws and laws impairing obligations of contracts. Also, no law can be retroactively applied so as to divest a party of a vested right, as this would violate the due process clause of the state and federal constitutions. These constitutional issues, however, arise only when retroactive effect is given to a new law.
 
 St. Paul Fire & Marine Insurance Company v. Smith,
 
 609 So.2d 809, 816 n. 11 (La.1992).
 

 [6]
 

 . As noted above, Officer Landry argues in part that the amendments were "remedial” and, thus, should be applied retroactively. While the jurisprudence had also recognized a fourth category, remedial laws, the legislature intentionally left this category out of LSA-C.C. art. 6 because of the multiplicity of meanings it had been given. "A remedial law may be procedural, interpretive, or substantive.” LSA-C.C. art. 6, Official Comment (d);
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 817 n. 16.