McDonald, j.
IgOn May 10, 2009, there was a Mother’s Day family party at St. Tammany Parish Fire Protection District No. 4, Fire Station 43. Operator John Picone had climbed to the top of an extended fire truck ladder with his six-year-old son, who aspired to be a fire fighter. District Fire Chief Greg Kernan and Assistant District Fire Chief Daniel Haydel were driving down Highway 59 near Fire Station 43, when they noticed that the ladder truck was extended. They stopped at the fire station, and Assistant Chief Haydel went inside to tell Captain Jacobs to get Operator Picone to come down from the ladder, which Captain Jacobs did.
Thereafter, St. Tammany Fire Protection District No. 4 issued a departmental charge to Operator Picone and Captain Jacobs which asserted “possible violation of Section 9.20 item # 3 ‘The commission or omission of any act to the prejudice of the department service or contrary to the public interest of policy’ of the Municipal Fire & Police Civil Service Law.” After the hearing, Captain Jacobs and Operator Pi-cone were each given a 24-hour suspension without pay, and without overtime during the pay cycle.
Operator Picone and Captain Jacobs each appealed their disciplinary rulings to the Civil Service Board. After their hearings, the Civil Service Board amended both discipline actions to written reprimands. St. Tammany Fire Protection District No. 4 appealed the Civil Service *706 Board rulings to the district court, which affirmed the Civil Service Board rulings. St. Tammany Fire Protection District No. 4 is now appealing the district court judgment.
APPLICABLE LAW
Matters involving classified employees of municipal fire and police departments are governed by the Municipal Fire and Police Civil Service Law, La. R.S. 33:2471, et seq., and by La. Const.1921, Art. XIV, § 15.1. See La. R.S. 33:2591 and La. Const. 1974, Art. X, § 18. Any regular employee in the classified ^service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may demand a hearing and an investigation by the Board to determine the reasonableness of the action. La. R.S. 33:2501(A). Landry v. Baton Rouge Police Department, 2008-2289, pp. 4-5 (La. App. 1 Cir. 5/8/09), 17 So.3d 991, 994 (footnote omitted).
If the decision of the Board is prejudicial to the appointing authority, the appointing authority may appeal the decision to the court of original and unlimited jurisdiction in civil suits of the parish where the Board is domiciled. See La. R.S. 33:2501(E)(1). The district court’s review of the Board’s quasi-judicial administrative determination is an exercise of appellate jurisdiction. Review by the district court does not include a trial de novo. The district court’s review is confined to the determination of whether the decision made by the Board was made in good faith for cause under the provisions of La. R.S. 33:2471-2508. La. R.S. 33:2501(E)(3). The district court may not substitute its opinion for that of the Board. The district court should accord deference to a civil service board’s factual conclusions and must not overturn them unless they are manifestly erroneous. Likewise, the intermediate appellate court’s review of a civil service board’s findings of fact are limited. Those findings are entitled to the same weight as findings made by a trial court and are not to be overturned in the absence of manifest error. Baton Rouge Police Department v. Robinson, 2009-1571, p. 5 (La.App. 1 Cir. 4/30/10), 38 So.3d 993, 996 (citations omitted).
ANALYSIS
St. Tammany Fire Protection District No. 4 asserts that the Civil Service Board constructively found both the existence of legal cause and good faith on its part and simply substituted its judgment for that of the appointing authority.
The district court expressly stated, in its reasons for judgment, that after considering the record it could not say that the Civil Service Board was arbitrary |4and capricious, or in bad faith or without cause, in amending the disciplinary actions from a 24-hour suspension to a written reprimand. After a thorough review of the case, we cannot say that the district court failed to use the correct standard of review in affirming the Civil Service Board’s decision.
An examination of the record shows that while the Civil Service Board found that the complained of conduct did occur, the Civil Service Board further found that the policy or rule relied upon by St. Tammany Fire Protection District No. 4 to impose a suspension upon Operator Picone and Captain Jacobs was ambiguous and in need of clarification. After a thorough review of the record, we find no manifest error in the Civil Service Board’s ruling.
Thus, for the foregoing reasons, the district court judgment is affirmed. The costs of the appeal in the amount of *707 $633.92 are assessed against St. Tammany Fire Protection District No. 4.
AFFIRMED.