STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1360


IN RE:

BOBBY HICKMAN



**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85745
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Shannon J. Gremillion, Judges.



**REVERSED AND RENDERED.**




**Brian D. Cespiva**
**711 Washington St.**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR APPELLEE:**
    **Leesville Municipal Fire and Police Civil Service Board**

**Mark Felipe Vilar**
**Aaron L. Green**
**Vilar & Elliott**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**COUNSEL FOR APPELLANT:**
  **Bobby Hickman**

**Cloyd Benjamin**
**P. O. Box 838**
**Natchitoches, LA 71458**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
  **City of Leesville, o/b/o MayorRobert Rose**

**EZELL, Judge.**

Bobby Hickman appeals a trial court judgment affirming the City of Leesville's and the Leesville Municipal Fire and Police Civil Service Board's decisions regarding his termination by the City of Leesville as Police Chief. For the following reasons, we reverse the judgment of the trial court.

## FACTS

On November 5, 2010, notice was sent to Mr. Hickman by the City of Leesville that it was conducting an investigation "to determine if you have violated any provisions of Municipal Fire and Police Civil Service Law, or any policies and procedures of the Leesville Police Department or the City of Leesville." The notice stated that on or about November 4, 2010, Mr. Hickman was "alleged to have committed acts contrary to the Laws of the State of Louisiana, and or the United States of America."

On December 10, 2010, the City sent a letter to the Leesville Municipal Fire and Police Civil Service Board (the Board) requesting an extension of time to complete the investigation. The letter indicated that Mr. Hickman had not been served personally until November 24, 2010, due to illness. This extension was never granted.

On January 6, 2011, a letter was sent to Mr. Hickman informing him that the state police would not be assisting in the investigation as originally anticipated, and that the City had hired Mark Sheridan to assist in the investigation. Enclosed was an agreement for Mr. Hickman to sign which would extend the investigation for thirty days. This was never signed by Mr. Hickman or the City. On January 13, 2011, Mr. Sheridan sent a letter to Mr. Hickman informing him that he would like to interview him on either January 24 or January 25. On January 17, 2011, Mr. Sheridan drove to

Mr. Hickman's residence and personally delivered the letter. Mr. Sheridan sent a third letter to Mr. Hickman on January 25, 2011, indicating that Mr. Hickman had not made any attempt to contact him. The letter also notified Mr. Hickman that an interview had been scheduled for Thursday, January 27, 2011 at 1500 hours. At a January 25, 2011 Board meeting, the Board declined to extend the request for extension to investigate by the City.

On January 26, 2011, Mr. Hickman's attorney sent a letter to the City informing it that the notice of the investigation was vague as to the nature of the investigation and the factual circumstances surrounding the investigation. His attorney also stated that more than sixty days had elapsed since the internal investigation was commenced, and it had never been extended by the Board. Therefore, by law, the investigation had expired.

On January 28, 2011, the City sent a letter of termination to Mr. Hickman informing him that he was being removed from the position of Chief of the City of Leesville Police Department. The City stated that he was being terminated pursuant to La.R.S. 33:2562 for refusing to cooperate or participate in any interview. Mr. Hickman claims that he first learned of his termination in the newspaper. He states that he did not receive notice by mail of the termination until February 9, 2011.

After learning of his termination in the newspaper, on February 2, 2011, Mr. Hickman filed an appeal with the Board. He complained that he never received a pre-disciplinary hearing, the investigation exceeded the amount of time permitted by law, and he was never properly notified of the nature of the City's internal investigation.

Another Board meeting was held on February 9, 2011. Mr. Hickman was notified that the Board would consider whether to grant the City's second request to

extend the time to investigate Mr. Hickman at this meeting. Mr. Hickman's appeal was also heard at this time, and the Board dismissed his appeal.

Mr. Hickman then appealed the Board's decision to the district court. The district court heard the matter on May 16, 2012. The district court issued written reasons on July 10, 2012, affirming the action of the Board and stating: "During the 60 day interval Mr. Hickman was the subject to [sic] a criminal investigation and was therefore unable to cooperate with the investigation by the Civil Service Board." A judgment affirming the decision of the Board was signed on September 12, 2012. Mr. Hickman then filed the present appeal.

## MOTION TO STRIKE THE CITY'S BRIEF AND MOTION TO

## SUPPLEMENT THE RECORD

Mr. Hickman filed a motion to strike the City's brief for its failure to comply with Uniform Rules-Courts of Appeal, Rule 2-12.5, arguing that the brief does not offer suitable references to the record in support of several assertions made by the City because there is no support for the assertions in the record. In response, the City filed a motion to supplement the record with the transcript of the proceedings from the Board's meeting on November 9, 2011, along with the City's book of exhibits that were tendered to the Board at that hearing. The City claims that these documents were inadvertently omitted from the record.

An appellate court must render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164. "The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated." *Niemann v. Crosby Dev. Co., L.L.C.*, 11-1337, p.7 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039, 1044; La.Code Civ.P. arts. 2127 and 2128.

3

Louisiana Revised Statutes 33:2561(E) gives an employee the right to appeal a prejudicial decision of the board. After receiving notice of the appeal, the board "shall . . . make, certify, and file the complete transcript with the designated court." *Id*.

Notice of Mr. Hickman's decision to appeal the Board's November 9, 2011 decision to the district court was sent to the Board on November 17, 2011. A request was made by Mr. Hickman that:

> a certified transcript of the record, or written findings of facts, and all papers and exhibits on file in the office of the Board affecting or related to Mr. Hickman's appeal, including all exhibits offered at the hearing and documents/minutes reflecting or memorializing the Board's ruling, be filed with the 30[th] Judicial Court in accordance with law.

At the district court hearing on May 16, 2012, counsel for Mr. Hickman stated at the onset: "I believe that the Civil Service Board lodged its record including the transcript and the exhibits offered by the parties. It's already in the record of this proceeding, but I'd like to offer, file and introduce that into evidence at this point."

Therefore, we grant the City's motion to supplement the record with the transcript of the Leesville Civil Service Board meeting from November 9, 2011, and its exhibit book.

Mr. Hickman has stated that there are references in the City's brief to facts that occurred after the hearing. An appellate court cannot consider on appeal facts referred to in appellate briefs if those facts are not part of the record on appeal. *Succession of Badeaux*, 08-1085 (La.App. 1 Cir. 3/27/09), 12 So.3d 348, *writ denied*, 09-822 (La. 5/29/09), 9 So.3d 166. Therefore, Mr. Hickman's motion to strike the City's brief will be granted as to any provisions that are not contained in the appellate record.

4

Mr. Hickman appeals his termination as police chief of the City of Leesville. He argues that he did not receive the procedural protections that he is entitled to as a civil service employee and under the Police Officer's Bill of Rights.

> Matters involving classified employees of municipal fire and police departments are governed by the Municipal Fire and Police Civil Service Law, LSA–R.S. 33:2471, *et seq.*, and by LSA–Const.1921, Art. XIV, § 15.1.2 *See* LSA–R.S. 33:2591 and LSA–Const.1974, Art. X, § 18. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may demand a hearing and an investigation by the Board to determine the reasonableness of the action. LSA–R.S. 33:2501(A).

*Landry v. Baton Rouge Police Dept.*, 08-2289, pp. 4-5 (La.App. 1 Cir. 5/8/09), 17 So.3d 991, 994. (Footnote omitted)

"The employee may appeal any decision of the Board that is prejudicial to him. LSA-R.S. 33:2501(E)(1)." *Id*. at 995. "The district and appellate courts should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous." *Id*.

Louisiana Revised Statutes 40:2531, the Police Officer's Bill of Rights, specifies the minimum standards to be applied when investigating law enforcement officers. *Marks v. New Orleans Police Dept.*, 06-575 (La. 11/29/06), 943 So.2d 1028. The statute initially requires that a law enforcement officer be notified at the beginning of the investigation as to the nature of the investigation and the identity and authority of the person conducting the investigation. La.R.S. 40:2531(B)(1). The investigation must be completed within sixty days. La.R.S. 40:2531(B)(7). Extensions up to sixty days can be granted by the Municipal Fire and Police Civil Service Board after a hearing if good cause is shown. *Id*. The law enforcement officer may also enter into a written agreement extending the investigation for up to

an additional sixty days. *Id.* "The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint." *Id.*

In 2007, La.R.S. 40:2531 was amended to include Subsection C (emphasis added) as a penalty provision which provides:

> There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. **Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity**.

Prior to 2007, La.R.S. 40:2531 contained no penalty provision for non-compliance. *Marks,* 943 So.2d 1028; *Landry*, 17 So.3d 991.

Mr. Hickman complains that the City failed to follow applicable law, including the Police Officer's Bill of Rights, and that therefore, the disciplinary action taken against him is an absolute nullity. Specifically, Mr. Hickman alleges that the City began an investigation of Mr. Hickman for vague reasons. It was not until after the statutory time period for the investigation lapsed that the City tried to interview him. Following the expiration of the sixty-day investigation period, a private investigator scheduled an interview with him. Mr. Hickman was terminated for his lack of appearance at this interview without ever affording him a pre-disciplinary hearing.

Mr. Hickman has not complained about any factual findings; therefore, the manifest error standard does not apply. We, therefore, will review the case to determine if the standards required under the law were properly adhered to, thereby affording Mr. Hickman a fair proceeding.

6

According to the record, the City began its investigation of Mr. Hickman on November 5, 2010. The City informed Mr. Hickman that:

> This memorandum serves as your notice that the City of Leesville will commence an investigation into alleged misconduct that may result in disciplinary action. On about November 4, 2010, you were alleged to have committed acts contrary to Laws of the State of Louisiana, and or the United States of America. This investigation is to determine if you have violated any provisions of Municipal Fire and Police Civil Service Law, or any policies and procedures of the Leesville Police Department or the City of Leesville.

The investigation had to be completed by January 4, 2011, since no extensions had been granted. The City notified Mr. Hickman that it had hired Mark Sheridan to investigate the manner in a letter dated January 6, 2011. This was after the mandatory sixty-day time period had elapsed. During this sixty-day time period, there is no evidence that Mr. Hickman received notice of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint as required by La.R.S. 40:2531(B)(7). Therefore, we find that the City was not in compliance with La.R.S. 40:2531.

However, the City argues that its termination of Mr. Hickman was in good faith and for cause because he failed to participate in the process as mandated by La.R.S. 33:2562. The City terminated Mr. Hickman on January 28, 2011, pursuant to La.R.S. 33:2562 for failure to participate in the investigation. The City stated that Mr. Hickman refused to participate in any interview by Mr. Sheridan. However, as stated before, by the time Mr. Sheridan was involved in the case, the sixty-day time period for the investigation had expired. Regardless, we find that the City's reliance on La.R.S. 33:2562 as justification for its termination of Mr. Hickman is misplaced.

Louisiana Revised Statutes 33:2562 refers to a civil service board's power to administer oaths, subpoena witnesses, and compel the production of books and papers

pursuant to any investigation or hearing. The penalty provision of La.R.S. 33:2562 provides that an employee's refusal to appear for a hearing or inquiry or refusal to testify or answer relevant questions shall forfeit his position and not be eligible for appointment to another position in the classified service for six years.

Louisiana Revised Statutes 33:2426 is a similar provision that applies to civil service systems for cities with a population over 100,000. In *Allen v. Department of Police*, 09-1375, 09-1379 (La.App. 4 Cir. 7/30/10), 44 So.3d 912, the fourth circuit held that La.R.S. 33:2426, as a matter of law, was inapplicable to the New Orleans Police Department's internal investigations. The court held that the termination of an officer for refusing to render an administrative statement after being ordered to do so by the police department was illegal.

We find that the City erred in relying on La.R.S. 33:2426 as a basis for the termination of Mr. Hickman. It appears that the City probably did so realizing that the time period for the initial investigation had expired and the Board refused to extend it. Therefore, we find that the actions taken against Mr. Hickman were an absolute nullity pursuant to La.R.S. 40:2531(C).

Mr. Hickman also cited as error the trial court's failure to take judicial notice of judicial proceedings in the same court. With our ruling, we find it unnecessary to address this issue.

We observe that as part of his prayer for relief, Mr. Hickman has requested attorney fees. "Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract." *Sher v. Lafayette Ins. Co.*, 07-2441, 07-2443, p. 18 (La. 4/8/08), 988 So.2d 186, 201. We can find no law, and Mr. Hickman has cited none to us, that provides for an award of attorney fees in this case.

8

Accordingly, we reverse Mr. Hickman's termination and render judgment reinstating his employment retroactive to the date of his original termination and awarding him full pay and benefits from the date of his reinstatement, together with legal interest thereon until paid. The costs of these proceedings in the amount of $2,589.86 are to be paid by the City of Leesville.

**REVERSED AND RENDERED.**