STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**13-519**


JULIE GASPARD

VERSUS

CITY OF ABBEVILLE


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 94487 - K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell,
Judges.

**REVERSED.**

**C. Theodore Alpaugh, III**
**Guste, Barnett, Schlesinger, Henderson & Alpaugh, L.L.P.**
**639 Loyola Avenue, Suite 2500**
**New Orleans, LA   70113-7103**
**(504) 529-4141**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Julie Gaspard**

**J. Isaac Funderburk**
**Funderburk & Herpin**
**Post Office Box 1030**
**Abbeville, LA   70511-1030**
**(337) 893-8140**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of Abbeville**

**AMY, Judge.**

The appellant was discharged from her position as a police officer after an incident in which a student was struck by a Taser flechette during a classroom demonstration. The officer appeals that termination. For the following reasons, we reverse.

**Factual and Procedural Background**

In September 2010, Officer Julie Gaspard of the City of Abbeville Police Department was assigned to serve as a school resource officer at a middle school. While serving in that capacity, the plaintiff visited a sixth grade classroom and attempted to demonstrate the operation of her Taser to the students. The circumstances surrounding Officer Gaspard's visit to the classroom are disputed in the record.

Regardless of the motivation surrounding her visit, however, it is clear that upon Officer Gaspard's removal of the Taser from its holster, the weapon discharged. One of the Taser's flechettes struck a student in the chest. As the second flechette fell to the floor, the student did not receive a shock from the weapon. The record indicates that the students' and the teacher's accounts of the incident, as memorialized in their written statements, differed in certain respects from Officer Gaspard's version of events.[1]

Thereafter, the Abbeville Police Department assigned Sergeant Jason Hebert, the Department's Taser trainer, to conduct an initial investigation into the matter. Afterwards, the Department commenced a formal Internal Affairs investigation and provided notice to Officer Gaspard of that investigation. A form

---

[1] Some of this dispute involved whether Officer Gaspard placed the Taser's laser on one or more of the children. She denied that she would have done so intentionally.

entitled "Advice of Rights for Officers Under Investigation" is contained within the record and describes the complaint under investigation as: "Improper use and deployment of a Taser X26 which resulted in a child being Tased[.]" Both Officer Gaspard and Sergeant Jason Hebert were interviewed as part of the Internal Affairs Board's investigation. Central to this pending matter is Officer Gaspard's contention that Sergeant Hebert's interview was not recorded, as will be discussed below.

Ultimately, the Internal Affairs Board determined that Officer Gaspard "did not follow departmental policies when she improperly used and deployed a Taser X26, which resulted in the injury of a child" and that she "did not fully disclose the truth, of how the incident occurred, nor of her actions related to the injury of the student." The Internal Affairs Board recommended that Officer Gaspard be suspended, without pay, for seven days. In a subsequent letter to the City's Mayor, the Police Chief recommended a ten-day suspension.

The matter proceeded to a Pre-Disciplinary Hearing before the Abbeville City Council.[2] The City Council's minutes from the evening of the hearing indicate that a Pre-Disciplinary Hearing was conducted in Executive Session. However, testimony revealed that the session included appearances by both Officer Gaspard and Sergeant Hebert. When the regular session of the City Council was

---

[2] The notice of Pre-Disciplinary Hearing reflected the following offenses:

First Offense – Criminal, dishonest, infamous or notoriously disgraceful conduct having an adverse effect on the efficiency of City service.

Second Offense – False testimony or refusal to testify in an inquiry, investigation or other official proceeding of or with reference to the City.

Both offenses are in reference to the incident occurring on 9-22-10 at J.H. Williams Middle School.

reconvened, the City Council voted unanimously to terminate Officer Gaspard's employment.

In the letter officially informing Officer Gaspard of the termination, she was apprised of her right to appeal the decision to the Abbeville Fire and Police Civil Service Board. *See* La.R.S. 33:2561.[3] Officer Gaspard did so and at the resulting

_____

[3] Louisiana Revised Statutes 33:2561 directs, in part, that:

A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

B. (1) All such hearings and investigations conducted by the board pursuant to the provisions of this Part shall be open to the public. No hearing and investigation shall be held unless both the employee and the appointing authority have been advised at least ten days in advance thereof of the date, time, and place therefor. If either the appointing authority or the employee fails to appear at the place and on the day and at the hour fixed for the hearing, the board may decide the issue involved on the basis of the evidence adduced and confined to the question of whether the action taken against the employee was made in good faith for cause set forth in the provisions of this Part.

(2) Both the employee and the appointing authority shall be afforded an opportunity to appear before the board, either in person or with counsel, and present evidence to show that the action was or was not taken in good faith for cause as set forth in the provisions of this Part.

(3) The board shall have complete charge of any such hearing and investigation and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto. The procedure followed shall be informal and not necessarily bound by the legalistic rules of evidence. The board shall not be required to have the testimony taken and transcribed, but either the employee or the appointing authority may, at their own expense, make the necessary arrangements therefor. In such cases, the board may name any competent shorthand reporter as the official reporter. If the testimony is not taken or transcribed, then the board shall make a written finding of fact.

C. (1) After such investigation, if the evidence is conclusive, the board may affirm the action of the appointing authority. If it finds that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order of removal, suspension, demotion, discharge, or other disciplinary action by directing a suspension without pay for a given period, a reduction in pay to the rate prevailing for the next lower class, a reduction or demotion to a position of any lower class and to the rate of pay prevailing thereof, or such other lesser punitive action that may be appropriate under the circumstances.

Civil Service Board hearing, she moved to overturn the discipline imposed due to alleged violations of La.R.S. 40:2531(B), a statute setting forth minimum standards applicable to investigations of police employees and police officers. In part, and now central to the instant appeal, Officer Gaspard asserted that Sergeant Hebert's statement to the Internal Affairs Board was not recorded. However, the Civil Service Board found no merit in Officer Gaspard's argument. After hearing from witnesses who testified to the course of events up through the City Council's termination of employment, the Civil Service Board upheld the City Council's action.

Pursuant to La.R.S. 33:2561(E),[4] Officer Gaspard appealed the Civil Service Board's ruling to the Fifteenth Judicial District Court. Officer Gaspard raised a

_____

(2) The decision of the board, together with its written findings of fact, if required, shall be certified in writing to the appointing authority and shall be enforced forthwith by the appointing authority.

(3) Any employee of the classified service and any appointing authority affected by the finding of the board as provided in Paragraph (1) of this Subsection who is able to produce evidence of a violation of the provisions of R.S. 33:2565 such that the violation was material to the finding of the board may, within six months after the date of the board's finding, request in writing a reconsideration by the board on the matter. Such written request shall provide the name of any person in violation of R.S. 33:2565 and the details of the evidence. The board shall set the matter for reconsideration within thirty days after receipt of the written request and, based upon the merits of the evidence presented, may hold and conduct an investigation and hearing pursuant to this Part. Such hearing and investigation, if conducted, shall be held within thirty days of the board's decision. If the board determines that such violation occurred and was material to its original decision, the board may modify or reverse its decision and shall take any corrective action as authorized under the provisions of this Part. An appeal of the finding of the board under the provisions of this Paragraph may be taken by the employee or the appointing authority in accordance with the provisions of Subsection B of this Section; however, the exercise of the appeal for reconsideration under the provisions of this Paragraph shall not be used for the purpose of extending the prescriptive period for appeal to district court following the board's original finding.

[4] Louisiana Revised Statutes 33:2561(E) provides that:

E. Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of this Part which is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled. This appeal shall be taken by serving the

4

number of complaints in the Civil Service Board's ruling and re-urged her complaint that the interview of Sergeant Hebert was not recorded. However, at the close of the parties' arguments, the trial court concluded that, based on the evidence submitted, Sergeant Hebert's interview was, in fact, recorded. The trial court dismissed the appeal.

Officer Gaspard now seeks review in this court and assigns the following as error:

1.      The ruling of the District Court in upholding the decision of the Board was not made in good faith and for just cause as the City of Abbeville and the Abbeville Police Department failed to comply with the provisions of La.R.S. 40:2531(B)(3) and, accordingly, pursuant to La.R.S. 40:2531(C), any discipline resulting from the alleged violations at issue in this appeal is an absolute nullity and this Court is mandated by law to overturn the discipline herein.

2.      The Board erroneously found that Julie Gaspard did not follow departmental procedures in connection with TASER usage;

3.      The Board erroneously found that Julie Gaspard did not disclose the truth of how the incident in question occurred nor of her actions related to the alleged injury of the student;

4.      The Board erroneously upheld the Council's determination that Julie Gaspard's conduct constituted "criminal, dishonest, infamous or notoriously disgraceful conduct having an adverse effect on the efficiency of City service["];

5.      The Board erroneously upheld the Council's determination that Julie Gaspard's conduct constituted "false testimony or refusal

---

board, within thirty days after entry of its decision, a written notice of appeal stating the grounds thereof and demanding that a certified transcript of the record or written findings of fact and all papers on file in the office of the board affecting or relating to such decisions be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court thereupon shall proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part or to whether a board member should have or failed to recuse himself in accordance with Subsection D of this Section. No appeal to the court shall be taken except upon these grounds.

to testify in an inquiry, investigation or other official proceeding of or with reference to the City["]; and

6. The penalty imposed upon Julie Gaspard, namely, termination was not commensurate with the infraction, if any.

## Discussion

*Standards of Investigation*

As discussed above, the plaintiff first raises the threshold issue of whether these proceedings reflect that she was afforded the due process set forth in La.R.S. 40:2531, which provides:

> A. The provisions of this Chapter shall apply only to police employees as defined by R.S. 40:1372(5), Louisiana P.O.S.T. certified probation and parole officers employed by the Louisiana Department of Public Safety and Corrections, division of probation and parole, and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal.
>
> B. Whenever a police employee or law enforcement officer is under investigation, the following minimum standards shall apply:
>
> (1) The police employee or law enforcement officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation and the identity and authority of the person conducting such investigation, and at the commencement of any interrogation, such officer shall be informed as to the identity of all persons present during such interrogation. The police employee or law enforcement officer shall be allowed to make notes.
>
> (2) Any interrogation of a police employee or law enforcement officer in connection with an investigation shall be for a reasonable period of time and shall allow for reasonable periods for the rest and personal necessities of such police employee or law enforcement officer.
>
> (3) *All interrogations of any police employee or law enforcement officer in connection with the investigation shall be recorded in full. The police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.*
>
> (4)(a) The police employee or law enforcement officer being questioned, whether as a target or as a witness in an administrative

6

investigation, shall have the right to be represented by counsel, other representative, or both, of the police employee or law enforcement officer's choice.

(b) The police employee or law enforcement officer shall be granted up to thirty days to secure such representation, during which time all questioning shall be suspended.

(c) The police employee or law enforcement officer's representative or counsel shall be allowed to offer advice to the employee or officer and make statements on the record regarding any question asked of the employee or officer at any interrogation, interview, or hearing in the course of the investigation.

(5) No statement made by the police employee or law enforcement officer during the course of an administrative investigation shall be admissible in a criminal proceeding.

. . . .

(7) When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.

7

. . . .

> C. There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. *Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.*

(Emphasis added.)

We first address Officer Gaspard's contention that La.R.S. 40:2531(B)(3) was violated because Sergeant Hebert's interview with the Internal Affairs Board was not recorded. In considering this matter, the Civil Service Board rejected the plaintiff's claim, suggesting that the construction of La.R.S. 40:2531 indicated that it was only the police officer/employee under investigation whose statement was to be recorded. On this point, and in reasons for ruling, the Civil Service Board determined that:

> In the present case, testimony and exhibits revealed that Julie Gaspard's interrogation was recorded; that she requested and received a copy of her recorded statement. The provisions of LSA-R.S. 40:2531 were fully complied with and Julie Gaspard received the full protection of its provisions as a police employee or Law enforcement officer.

The Civil Service Board further noted that Sergeant Hebert testified in person at the Civil Service Board hearing. Over the objection of Officer Gaspard's counsel on this preliminary issue, and after assessment of the presentation of evidence on the merits, the Civil Service Board left the City's termination of Officer Gaspard's employment undisturbed.

Similarly, the trial court rejected Officer Gaspard's argument and stated that:

> The Court finds that the evidence shows that the recording was done because the chief and the other officer stated that that was their practice to always do it. It was in the interview room where

8

recordings are always done and they believe that it was done. The Court thinks that burden has been met that the recording was done, but I think the evidence is clear that the plaintiff got the recording in the interview room but the other recording was not produced of Officer Hebert.

In this review, we are mindful that both a district court and, in turn, an appellate court must accord deference to a civil service board's factual conclusions. *In re Hickman*, 12-1360 (La.App. 3 Cir. 4/3/13), 113 So.3d 1163 (quoting *Landry v. Baton Rouge Police Dep't*, 08-2289 (La.App. 1 Cir. 5/8/09), 17 So.3d 991), *writ granted*, 13-1381 (La. 10/4/13), __ So.3d. __ (trial court judgment reinstated on other grounds). Those conclusions must not be overturned unless they are manifestly erroneous. *Id.* Outside of factual findings, the appellate court reviews the matter to determine if the standards required under the law were properly adhered to, affording the officer a fair proceeding. *See Hickman*, 113 So.3d 1163.

First, we point out that the Civil Service Board correctly observed that Officer Gaspard's Internal Affairs interview was recorded. However, La.R.S. 40:2531(B)(3) does not limit the necessity of recording to the police employee or law enforcement officer under investigation. Rather, it broadly provides that in the event a police employee or law enforcement officer is under investigation, "[a]*ll* interrogations of *any* police employee or law enforcement officer in connection with the investigation *shall* be recorded in full." La.R.S. 40:2531(B)(3)(emphasis added). This expansive use of "any police employee or law enforcement officer" in Subparagraph (3) differs from Subparagraph (1), which designates applicability to "[t]he police employee or law enforcement officer being investigated[.]"

In light of this construction, we find error in the Civil Service Board's determination that La.R.S. 40:2531(B)(3) required that only the statement of

Officer Gaspard, as the officer under investigation, must have been recorded. Rather, the provision broadly requires the recording, in full, of any interrogation of a police employee or law enforcement officer in connection with the subject investigation. *Id.* In short, the statute contains no exception applicable to the Internal Affairs Board's interrogation of Sergeant Hebert.

Neither do we find merit in the assertion that La.R.S. 40:2531(B)(3) was not violated because Officer Gaspard did not have a right to obtain Sergeant Hebert's statement. On this point, and following the requirement that any police officer's statement be recorded, La.R.S. 40:2531(B)(3) provides that: "The police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of *his* statements upon his written request." (Emphasis added.) Despite the issue of who has the right to obtain the copy of the recording, it is the first sentence of the paragraph that sets forth the minimum standard of investigation owed to the "police employee or law enforcement officer [] under investigation[.]" In this case, Officer Gaspard was the officer under investigation and, thus, recording, in full, of the interrogations of any police employee or law enforcement officer taken in connection with that investigation was required.

Additionally, and although it is the Civil Service Board's factual determinations ruling that we review for manifest error,[5] we address the trial court's finding that Sergeant Hebert's interview was, in fact, recorded. We do so for sake of completeness and upon observation that there is no factual support for such a finding in the record. Notably, testimony only reflected that it was the

_____

[5] *See Hickman*, 113 So.3d 1163.

10

Internal Affairs Board's practice to record such interviews and, therefore, it should have been recorded. However, no recording was produced. This lack of evidence stands in contrast to La.R.S. 40:2531(B)(3)'s directive that "[a]ll interrogations of any police employee or law enforcement officer in connection with the investigation *shall be recorded in full*." (Emphasis added.) Without positive evidence of a recording, it is impossible to further test whether that recording was made "in full." Simply, the evidence points to a lack of compliance with the minimum standard of La.R.S. 40:2531(B)(3).

Certainly, the failure to record this single witness's testimony may be arguably minor in the context of other investigative safeguards afforded Officer Gaspard and Sergeant Hebert's testimony at both the Pre-Discipline Hearing and the Civil Service Board hearing. However, the legislature has spoken clearly on the consequence of any breach.[6] As set forth above, La.R.S. 40:2531(C) provides, in part, that "[a]ny discipline, demotion, dismissal, or adverse action of any sort whatsoever against a police employee or law enforcement officer *without complete compliance* with the foregoing minimum standards *is an absolute nullity*." (Emphasis added.).

"When the wording of a statute is clear and free of ambiguity," La.R.S. 1:4 directs that "the letter of [the statute] shall not be disregarded under the pretext of pursuing its spirit." By enacting La.R.S. 40:2531(C), and by use of exacting language, the legislature has clearly set forth a definitive penalty for failure to

_____

[6] Louisiana Revised Statutes 40:2531 contained no penalty for failure to comply with its minimum standards prior to 2007. Observing that silence in *Marks v. New Orleans Police Department*, 06-0575 (La. 11/29/06), 943 So.2d 1028, the Louisiana Supreme Court concluded that a failure to abide by a time limitation contained in Paragraph B(7) did not require the dismissal of charges against an officer. It found that such a failure could influence the type of discipline imposed if prejudice was demonstrated in light of the breach. However, the legislature subsequently amended the provision, adding Paragaph C. *See* 2007 La.Acts No. 258, § 1.

provide the minimum standards otherwise provided by the statute. Jurisprudence of this circuit and others has recognized that clarity. *See Hickman*, 113 So.3d 1163 (wherein a panel of this court reversed the termination of a police officer's employment due to a failure to satisfy La.R.S. 40:2531(B)(7)). *See also Robinson v. Dep't of Police*, 12-1039 (La.App. 4 Cir. 1/16/13), 106 So.3d 1272, *writ denied*, 13-0528 (La. 4/12/13), 110 So.3d 1081; *O'Hern v. Dep't of Police*, 12-0600 (La.App. 4 Cir. 12/19/12), 111 So.3d 1037 (on rehearing). In light of this authority, we conclude that the decision of trial court must be reversed and the underlying discipline recognized as an absolute nullity.

Although the above result is required by the pertinent legislation, the serious nature of the incident involved in this matter is worth recognizing. Moreover, each of the investigative and/or reviewing entities involved in this proceeding attempted to address that serious incident. It is unquestioned that, for whatever reason, a law enforcement officer removed a weapon from her holster in a school classroom. It is further unquestioned that a resulting discharge struck a student simply sitting at her desk. The discipline subsequently imposed reflected understandable concern regarding the gravity of such an occurrence. However, La.R.S. 40:2531(C) allows no discretion in this instance, but, rather, dictates that the disciplinary action is an absolute nullity.

*Request for Attorney Fees*

The resolution of the above foundational concern renders the remainder of Officer Gaspard's assignments of error moot. We note, however, that the plaintiff also seeks an award of attorney fees. Yet, no statute or contract authorizes the award of an attorney fee. In such an instance, an award of attorney fees is

12

inappropriate. *See Hickman*, 113 So.3d 1163 (quoting *Sher v. Lafayette Ins. Co.*, 07-2441, 07-2443 (La. 4/8/08), 988 So.2d 186).

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. All costs of this proceeding are assigned to the appellee, the City of Abbeville, in the amount of $3763.00.

**REVERSED.**